UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:92-CR-198 |
| ) | |
| MACK J. SHELTON ) | |

## **MEMORANDUM AND ORDER**

Now before the Court is the defendant's counseled motion for immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as supplemented. [Docs. 37, 41, 43]. The United States has responded in opposition to the motion. [Docs. 44, 48]. For the reasons stated below, the defendant's request for compassionate release will be granted.

### I. BACKGROUND

In 1993, pursuant to a jury verdict, the defendant was convicted of: a conspiracy to commit robberies and burglaries; two counts of aiding and abetting pharmacy robbery; one count of aiding and abetting pharmacy burglary; three counts of using a firearm during and in relation to a crime of violence; aiding and abetting an attempted robbery; and two counts of possessing a firearm as a felon. This Court sentenced the defendant to a net term of 802 months' imprisonment. The defendant later prevailed in an authorized second motion to vacate, set aside, or correct his sentence and supplemental motion under 28 U.S.C. § 2255 by obtaining relief with respect to his sentencing claim under *Johnson v. United States*, 576 U.S. 591 (2015), resulting in a net term of 600 months' imprisonment upon resentencing. The defendant is presently housed at USP Atlanta with a scheduled release date of May 20,

2035.  *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 9, 2020).

## II.  DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons."  That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A).  Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant.  *See* 18 U.S.C. § 3582(c)(1)(A) (2017).  The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf.  *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).  Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director.  *See, e.g.*, *United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

2

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id*. at *2 (citations omitted). Moreover, the Court has no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider. *See id*. (concluding likewise).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the 18 U.S.C. § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Exhaustion

In this case, the record demonstrates that the defendant has previously asked the BOP to file a compassionate relief request on his behalf. [Doc. 41, p. 2]. More than 30 days have passed since that request was received by the warden of his facility. The Court

3

Case 3:92-cr-00198-RLJ-DCP   Document 49   Filed 09/10/20   Page 3 of 10   PageID #: 557

thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

## B. Merits

### 1. Extraordinary and Compelling Reasons

The Application Notes to guideline 1B1.13 provide, in material part:

1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A). The Court will address the instant motion under Application Note 1(A)(ii)(I), which requires a serious medical condition that substantially diminishes the ability to provide self-care within the prison environment and from which the movant is not expected to recover.

In this case, the United States concedes that the defendant "has established an 'extraordinary and compelling reason' for release." [Doc. 44, p. 1]. The Court has nonetheless independently considered the documented medical conditions cited in the defendant's motion. The Court additionally notes the June 1, 2020 statement of BOP physician Dr. James Winston that, "[b]ecause of his age and underlying medical conditions, I highly recommend that Mack Shelton be considered for and granted a reduction in sentence / compassionate release." [Doc. 41, p. 3].[1] The Court agrees with the United States' concession that the defendant has demonstrated extraordinary and compelling reasons justifying a sentence reduction.

### 2. Danger to Any Other Person or to the Community

Next, the Court must determine whether the defendant has shown that he would not be a danger if released. Guideline 1B1.13 provides that compassionate release is only appropriate where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2). Section 3142(g) outlines the factors the Court must consider in determining whether a defendant should be detained pending trial. Specifically, § 3142(g) provides:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

---

[1] Notwithstanding Dr. Winston's recommendation, a BOP Associate General Counsel denied compassionate release, deeming the defendant too independent and "not confined to his bed or chair for more than 50% of his waking hours." [Doc. 41, p. 1].

5

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court has considered the above-listed factors and has refamiliarized itself with the defendant's Presentence Investigation Report ("PSR"). The Court has also reviewed the defendant's current BOP SENTRY Report.

The United States argues that the defendant has not shown that he would not be a danger to the safety of another person or the community if released. The United States relies on the defendant's criminal history, his offenses of conviction in this case, and the nearly fifteen years remaining on his sentence. [Doc. 44, p. 13-14].

Were those the only facts of this case, the undersigned would probably agree with the government's position. The defendant's conduct in this case was truly disturbing.

6

[PSR, ¶¶ 10-29]. Additionally, his criminal history from 1972 to 1982 includes theft and serious assault convictions along with a conspiracy to commit arson. [*Id.*, ¶¶ 39-48]. A harsh sentence was certainly called for in this case.

The Court finds that a harsh sentence has indeed been served, and it has been served as admirably as this Court could have ever hoped. The defendant has been in custody since October 11, 1992. [PSR, p. 1]. He has earned his GED. He has been housed at the Bureau of Prisons since 1993 and his SENTRY Report remarkably lists <u>no disciplinary infractions</u> in that 27-year period.

The Court takes particular note of the August 6, 2020 letter written by G. Widmer, the defendant's BOP counsellor. [Doc. 43, ex. 1]. Widmer has known the defendant for the entire period of his incarceration. Widmer writes that the defendant "has done everything we have asked him to do." The defendant "has been assessed by staff to be a positive role model to the other inmates particularly the youth who he counsels to stay out of trouble and make better decisions." Widmer concludes,

> Inmate Shelton has demonstrated over a long period of time that he is capable and willing to live within established rules and to improve himself. Inmate Shelton has changed the character defects which led to his incarceration and he is prepared for reentry to society. In addition to good conduct Inmate Shelton has a very pleasant and upbeat personality and he gets along well with both staff and inmates alike. I totally support any consideration regarding a reduced sentence or release. He has changed his mind set and the actions which led to his incarceration and to prepare for a reentry to society. Inmate Shelton has numerous health problems and will have a lot of support from his family upon his release from incarceration, and will not be a burden on society.

Additionally, the defendant has submitted a proposed release plan. The probation office of this district has investigated that plan and has found it to be acceptable.

7

The defendant's conduct while serving his decades-long current term of imprisonment, combined with his health conditions and acceptable release plan, persuades the Court that he would not pose a danger to the safety of any other person or the community if released.

### 3. Section 3553(a) Factors

Section 3553(a) provides:

> (a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];
> >
> > . . . .

8

(5) any pertinent policy statement guidelines [issued by the Sentencing Commission];

. . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Having considered these factors, the Court concludes that the nearly three decades served in this case constitutes a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing. Many of the pertinent § 3553(a) factors have already been discussed in the preceding section of this memorandum. The Court is persuaded that the time served has adequately deterred the defendant from committing future crimes. The defendant's unique post-offense rehabilitation, his age, and his health issues satisfy the Court that any concerns over the avoidance of unwarranted sentence disparity are significantly outweighed by more pertinent 3553(a) factors. Further, a three-year term of supervised release remains in place.

Because the Court finds that the defendant has shown extraordinary and compelling reasons for compassionate release, and that he does not pose a danger to the safety of any other person or the community, and that a reduction in sentence would be consistent with the § 3553(a) factors, the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) will be granted.[2]

---

[2] The Court notes the United States' request for an additional period of supervised release and a period of home confinement. [Doc. 44, p. 15]. For the reasons discussed herein, the Court deems those added restrictions unnecessary.

## III. CONCLUSION

The defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 37] will be granted. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge